UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NHAN LE TRAN,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 16-CV-03484-LHK<br><br>**ORDER DENYING MOTION TO STAY PETITION**<br><br>Re: Dkt. No. 7 |

On October 19, 2016, the government filed a motion to stay petition under 28 U.S.C. § 2255. ECF No. 7. The government's motion requested that, pending the United States Supreme Court's decision in *Lynch v. Dimaya*, 2016 WL 3232911 (Sep. 29, 2016), the Court stay proceedings on Petitioner Nhan Le Tran's ("Petitioner") motion to vacate his conviction. ECF No. 7, at 1.

Under *Landis v. North American Co.*, 299 U.S. 248 (1936), the Court has "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In considering whether to exercise its discretion to grant a stay, a court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly

1

Case No. 16-CV-03484-LHK
ORDER DENYING MOTION TO STAY PETITION

course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

The government has not met its burden of establishing a need for a stay of proceedings pending the United States Supreme Court's decision in *Dimaya*. The Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), held that the definition of "crime of violence" in the Immigration and Nationality Act ("INA"), 18 U.S.C. § 16(b), was unconstitutionally vague pursuant to the United States Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. On September 29, 2016, the United States Supreme Court granted certiorari to review *Dimaya*. *See* 2016 WL 3232911. On January 17, 2017, the United States Supreme Court heard oral argument in *Dimaya*.

Here, however, Petitioner was convicted under 18 U.S.C. § 924(c) for conspiracy to commit a Hobbs Act robbery. *See* ECF No. 1, at 6. Petitioner's § 2255 petition asserts that the Court's holding in *Johnson*, 135 S. Ct. at 2557, renders the "residual clause" of § 924(c) unconstitutionally vague, and thus Petitioner argues that his conviction under § 924(c) violates due process. ECF No. 1, at 4. Thus, Petitioner's conviction and sentence is not directly implicated by the holding in *Dimaya*, which applied *Johnson* to the INA. *Dimaya*, 803 F.3d at 1120.

Moreover, a stay in this case pending a United States Supreme Court decision will prejudice Petitioner in that it will delay this Court's consideration of Petitioner's motion to vacate his conviction. In contrast to this hardship on Petitioner, the government asserts only that "[a] stay will promote efficiency." ECF No. 5, at 3. However, this falls short of a showing under *Landis* of "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Furthermore, this Court and other district courts within this Circuit have denied requests to stay

2

Case No. 16-CV-03484-LHK
ORDER DENYING MOTION TO STAY PETITION

§ 2255 petitions pending the United States Supreme Court's decision in *Dimaya*. *See, e.g.*, *Than v. United States*, Case No. 5:16-CV-3542-LHK, ECF No. 6 (denying stay pending *Dimaya*); *United States v. Carmaco*, 2016 WL 5897735, at *1 (N.D. Cal. Oct. 11, 2016) (same).

Accordingly, the government's motion to stay petition is DENIED.

**IT IS SO ORDERED.**

Dated: February 9, 2017

_____
LUCY H. KOH
United States District Judge